IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00846-KDB-WCM

| | |
|---|---|
| SANDRA RENEE BLOUNT,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NA,<br><br>Defendant. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant Wells Fargo Bank, NA's Motion to Dismiss or Compel Arbitration (Doc. No. 6). The Court has carefully considered this motion and the Parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** the motion, compel arbitration and stay this action pending the completion of arbitration.

## I.   LEGAL STANDARD

The Federal Arbitration Act ("FAA") represents "a liberal federal policy favoring arbitration agreements" and applies "to any arbitration agreement within the coverage of the [FAA]." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Under Section 2 of the FAA, a written arbitration provision "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2012). Furthermore, the Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an

1

arbitration provision which purports to cover the dispute, (3) a relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute." *Galloway v. Santander Consumer USA, Inc*., 819 F.3d 79, 84 (4th Cir. 2016); *see also Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc*., 807 F.3d 553, 563 (4th Cir. 2015). Agreements to arbitrate are construed according to ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc*., 252 F.3d 707, 710 (4th Cir. 2011). Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation. *Adkins v. Labor Ready, Inc*., 303 F.3d 496, 500-01 (4th Cir. 2002). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 81 (2000).

If the Court sends a case to arbitration, it must stay the case if either party requests it, assuming that there are no other reasons to dismiss unrelated to the fact an issue in the case is subject to arbitration. *See Smith v. Spizzirri*, 144 S. Ct. 1173, 1176 (2024). For example, where all the claims at issue in a lawsuit are arbitrable, but neither party has requested a stay, the court may dismiss the lawsuit for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Wake Cnty. Bd. of Educ. v. Dow Roofing Sys., LLC*, 792 F. Supp. 2d 897, 900 (E.D.N.C. 2011); *see also Choice Hotels Intern*., 252 F.3d at 709-10 ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").

Alternatively, where the claims at issue are arbitrable, but neither party has requested a stay, a court may choose to stay a lawsuit pending the parties' completion of arbitration. *See Silkworm Screen Printers, Inc. v. Abrams*, No. 91-1631, 1992 WL 317187, at *6 (4th Cir. Nov. 4, 1992) ("If the district court finds that [plaintiff] agreed to arbitrate ... it may either dismiss

2

[plaintiff's] complaint for lack of subject matter jurisdiction or stay its proceedings pending arbitration and consideration of the award pursuant to Article V of the Convention.").

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff Sandra Blount is a former Wells Fargo employee. (Doc. No. 1 at 7). In connection with her employment, Blount and Wells Fargo entered into the Wells Fargo Mutual Arbitration Agreement ("the Agreement") on October 6, 2016. (*See* Doc. No. 6-1). The Agreement states, in relevant part, "Wells Fargo and I mutually agree that any legal Claims arising out of my application for employment, employment, or separation from employment with Wells Fargo shall be resolved by final and binding arbitration. Except as noted below, Wells Fargo and I agree to waive our rights to pursue any Claims in court or before a jury." (*Id.*). The Agreement specifically defines covered claims to include:

> claims for discrimination, harassment, retaliation, tortious conduct, wrongful discharge, breach of contract, promissory estoppel, expense reimbursement, wages, compensation, or claims for violations of any federal, state, or local statute, regulation, or common law, including, but not limited to, Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Rehabilitation Act, the Equal Pay Act, Worker Adjustment and Retraining Notification Act, Family and Medical Leave Act, Fair Labor Standards Act, and all applicable amendments.

(*Id.*).

Blount filed this action on October 24, 2025, asserting claims for purported violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990. (Doc. No. 1, Section II).

## III. DISCUSSION

Under the well-established law supporting arbitration agreements, the Parties' dispute must be resolved in arbitration. *See Kendall v. Reg'l Enters., LLC*, No. 5:24-CV-00180-KDB-SCR, 2024 WL 4375792, at *1 (W.D.N.C. Oct. 2, 2024). As described above, there is (and could be) no

3

Case 3:25-cv-00846-KDB-WCM    Document 11    Filed 03/09/26    Page 3 of 4

dispute that Ms. Blount and Wells Fargo entered into an agreement to arbitrate her employment discrimination claims against the company. Rather, Plaintiff argues that Wells Fargo's requirement that she agree to the arbitration agreement to be employed at the bank is unfair. However, the law permits employers to enforce mutual arbitration agreements, even where the bargaining power between an employee and employer is unequal. *See Johnson v. Circuit City Stores,* 148 F.3d 373, 378–79 (4th Cir. 1998) (finding sufficient consideration in arbitration agreement where both employer and employee agreed to submit all employment-related claims to binding arbitration); *Adkins v. Lab. Ready, Inc*., 185 F. Supp. 2d 628, 637 (S.D.W. Va. 2001) ("[T]he court finds that any unequal bargaining power between the parties does not render the arbitration agreement unconscionable inasmuch as the resulting contractual terms do not appear to be unduly (or indeed, at all) favorable to the stronger party."). Therefore, the Court must compel arbitration of the Parties' disputes.

At Plaintiff's request, the Court will, however, exercise its discretion to stay rather than dismiss this action.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT**:

1. Defendant's' Motion to Dismiss or in the Alternative to Stay (Doc. No. 6) is **GRANTED**; and

2. This matter is stayed until further order of the Court pending arbitration of this dispute.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 9, 2026

Kenneth D. Bell
United States District Judge